**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SZ DJI TECHNOLOGY CO. LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. _____ |
| ) | |
| BELL TEXTRON INC., and BELL TEXTRON ) | **JURY TRIAL DEMANDED** |
| CANADA LTD., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| _____ ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff SZ DJI Technology Co. Ltd. ("DJI") for its Complaint against Defendants Bell Textron Inc. and Bell Textron Canada Ltd. (collectively, "Bell") alleges as follows:

**THE PARTIES**

1.      Plaintiff SZ DJI Technology Co. Ltd. ("DJI") is a Chinese corporation with a place of business at Lobby of T2, DJI Sky City, No. 53 Xianyuan Road, Xili Community, Xili Street, Nanshan District, Shenzhen, China.

2.      On information and belief, Bell Textron Inc. ("Bell Textron") is a Delaware corporation with its principal place of business at 3255 Bell Flight Boulevard, Fort Worth, Texas 76118.

3.      On information and belief, Bell Textron Canada Ltd. ("BTC") is a Canadian corporation with its principal place of business at 12 800 Rue de l'Avenir, Mirabel, Quebec J7J 1R4, Canada.

**JURISDICTION AND VENUE**

4.      This action arises under the United States patent laws, 35 U.S.C. §§ 1, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

1

5.      This Court has personal jurisdiction over Bell at least because it has, on information and belief, (1) committed acts of patent infringement in this District including use, sales, and offers for sale of the infringing Bell helicopters in this District; (2) regularly done business or solicited business in this District; (3) engaged in other persistent courses of conduct and derived substantial revenue by offering infringing products and services and providing infringing products and services in this District, including servicing and maintenance of the infringing Bell helicopters; and (4) purposefully established substantial, systematic, and continuous contacts with this District and should have reasonably expected to be subject to suit here by its offering of infringing products and services and providing infringing products and services in this District, including because Bell has an "Advanced Vertical Lift Center" within this District.  In addition, because BTC is a foreign entity, this Court has personal jurisdiction over BTC pursuant to Federal Rule of Civil Procedure § 4(k)(2).

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).  Venue in this district is proper for BTC at least because it is a foreign entity that, on information and belief, has committed acts of infringement in this District.  Venue in this District is proper for Bell Textron for at least the same reasons the Court has personal jurisdiction.  For example, Bell Textron operates an "Advanced Vertical Lift Center" within this District and engages in patent infringement in this District.

## BACKGROUND

7.      The family of DJI businesses was founded in 2006 in a college dorm room. Since then, through innovation in flight control components and aircraft, DJI has grown from that dorm room in China to a global family that includes the United States, Germany, the Netherlands, Japan, and South Korea.

8.      DJI's products include unmanned air vehicles (UAVs) for professionals and hobbyists alike, such as the Phantom and Mavic lines of UAVs, and DJI's products lead the UAV market in the United States.  DJI has maintained its commitment to research and

2

development since its founding and has become the worldwide leader in innovations in flight control.

9.      In connection with this research, development, and innovation, DJI has applied for and been granted over 1,000 U.S. patents on a variety of technologies, including innovative systems and methods for assisted takeoff, aircraft attitude control, setting flight routes, and data distribution for aircraft.

10.     By contrast to DJI's continuing innovation, Bell is a company that rests heavily on its eighty-year-history and has only belatedly sought to add certain control features to its manned aircraft and build UAVs like those pioneered by DJI.

11.     Bell is well aware of DJI's patent portfolio, as this portfolio was discussed in another recent litigation in Texas between DJI and Bell's parent company, Textron Inc., on or around April 2023.  Upon information and belief, Bell has had actual and/or constructive knowledge of the existence of the Asserted Patents and/or their applications since an as yet unknown earlier date.  Moreover, Bell has known of U.S. Patent Nos. 9,126,693 and 9,958,874 and its infringement of those patents since at least March 29, 2023, when DJI filed a lawsuit asserting those patents against BTC.  In addition, Bell has known of U.S. Patent Nos. 10,692,387 and 10,904,755 and Bell's infringement thereof since July 13, 2023 when DJI's counsel sent Bell a letter advising it thereof.

## THE ASSERTED PATENTS

12.     DJI is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 9,126,693, titled "Assisted Takeoff" ("the '693 Patent"), which was duly and legally issued on September 8, 2015.  A true and correct copy of the '693 Patent is attached hereto as Exhibit A.

13.     DJI is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 9,958,874, titled "Aircraft Attitude Control Methods" ("the '874 Patent"), which was duly and legally issued on May 1, 2018.  A true and correct copy of the '874 Patent is attached hereto as Exhibit B.

14.     DJI is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 10,692,387, titled "Method and Device for Setting a Flight Route," ("the '387 Patent"), which was duly and legally issued on June 23, 2020.  A true and correct copy of the '387 Patent is attached hereto as Exhibit C.

15.     DJI is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 10,904,755, titled "Data Distribution from a Movable Object," ("the '755 Patent"), which was duly and legally issued on January 26, 2021.  A true and correct copy of the '755 Patent is attached hereto as Exhibit D.

16.     As alleged below, Defendants' aircraft infringes one or more claims of each of the '693, '874, '387, and '755 Patents (collectively, the "Asserted Patents").

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 9,126,693

17.     The facts and allegations of Paragraphs 1-16 are incorporated by reference for this First Cause of Action as though fully set forth herein.

18.     In violation of 35 U.S.C. § 271, Defendants have directly infringed and continue to directly infringe the '693 Patent by making, using, offering for sale, selling, and/or importing the commercial versions of at least the Bell 505 and Bell 407GXi Helicopters in the United States (the "'693 Accused Products"), without the authority of DJI.

19.     The '693 Accused Products infringe at least claim 18 of the '693 Patent by practicing all elements of claim 18, as set forth in the accompanying claim chart attached as Exhibit E, which is incorporated as if fully stated herein.  On information and belief, all the '693 Accused Products infringe in a similar manner.

20.     Accordingly, Defendants directly infringe at least claim 18 of the '693 Patent.  DJI expressly reserves the right to assert additional claims in this litigation against the same or additional products of the Defendants.

21.     Bell has had actual and/or constructive knowledge of the existence of the '693 Patent since no later than the date upon which it received service of the Complaint filed in the case of *SZ DJI Technology Co. Ltd. v. Bell Textron Canada Ltd.*, Case No. 1:23cv2642-JPO

(S.D.N.Y.) (the "S.D.N.Y. Complaint") and, upon information and belief, since an even earlier initial date as yet unknown that predates the filing of the S.D.N.Y. Complaint. With knowledge of the '693 Patent, Bell has indirectly infringed one or more claims thereof under 35 U.S.C. § 271(b) through the active inducement of direct infringement by intending to encourage, and in fact encouraging, users of the '693 Accused Products, and potential others as yet unknown, to use the '693 Accused Products in an infringing manner within the United States. Bell has actively induced such direct infringement with the '693 Accused Products by providing functionality, instructions, and other assistance that have served to facilitate, promote, and cause their users to use the '693 Accused Products in an infringing manner. As one example, Bell provides flights manuals for the '693 Accused Products instructing users of those aircraft to use them in an infringing manner. Bell has performed the acts that constitute inducement of infringement with the knowledge or willful blindness that the resulting acts induced thereby would constitute direct infringement by the users of the '693 Accused Products and/or potentially by others as yet unknown.

22. Upon information and belief, with knowledge of the '693 Patent, Bell has also indirectly infringed one or more claims thereof under 35 U.S.C. § 271(c) by making, selling, offering for sale, using, making available for use, and/or importing within or into the United States the '693 Accused Products that enable infringement by their users, and/or potentially by others as yet unknown, knowing that such functionality is especially made or especially adapted for use in direct infringements of the '693 Patent, including at least claim 18, and knowing that such functionality is not a staple article or commodity of commerce suitable for substantial non-infringing use.

23. Bell's acts of infringing the '693 Patent have been willful and undertaken in knowing and deliberate disregard of DJI's patent rights.

24. DJI has been damaged as a result of Defendants' infringing conduct. Defendants are therefore liable to DJI for damages in an amount that adequately compensates for

Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II:  INFRINGEMENT OF U.S. PATENT NO. 9,958,874

25.     The facts and allegations of Paragraphs 1-24 are incorporated by reference for this Second Cause of Action as though fully set forth herein.

26.     In violation of 35 U.S.C. § 271, Defendants have directly infringed and continue to directly infringe the '874 Patent by making, using, offering for sale, selling, and/or importing the commercial version of at least the Bell 505 Helicopter in the United States (the "'874 Accused Product"), without the authority of DJI.

27.     The '874 Accused Product infringes at least claim 1 of the '874 Patent by practicing all elements of claim 1, as set forth in the accompanying claim chart attached as Exhibit F, which is incorporated as if fully stated herein.

28.     Accordingly, Defendants directly infringe at least claim 1 of the '874 Patent.  DJI expressly reserves the right to assert additional claims in this litigation against the same or additional products of Defendants.

29.     Bell has had actual and/or constructive knowledge of the existence of the '874 Patent since no later than the date upon which it received service of the S.D.N.Y. Complaint and, upon information and belief, since an even earlier initial date as yet unknown that predates the filing of the S.D.N.Y. Complaint.  With knowledge of the '874 Patent, Bell has indirectly infringed one or more claims thereof under 35 U.S.C. § 271(b) through the active inducement of direct infringement by intending to encourage, and in fact encouraging, users of the '874 Accused Product, and potential others as yet unknown, to use the '874 Accused Product in an infringing manner within the United States.  Bell has actively induced such direct infringement with the '874 Accused Product by providing functionality, instructions, and other assistance that have served to facilitate, promote, and cause their users to use the '874 Accused Products in an infringing manner.  As one example, Bell provides specifications for the Bell 505 Helicopter that advise using Garmin avionics relating to attitude.   Bell has performed the acts that constitute

inducement of infringement with the knowledge or willful blindness that the resulting acts induced thereby would constitute direct infringement by the users of the '874 Accused Products and/or potentially by others as yet unknown.

30.     Upon information and belief, with knowledge of the '874 Patent, Bell has also indirectly infringed one or more claims thereof under 35 U.S.C. § 271(c) by making, selling, offering for sale, using, making available for use, and/or importing within or into the United States the '874 Accused Products that enable infringement by their users, and/or potentially by others as yet unknown, knowing that such functionality is especially made or especially adapted for use in direct infringements of the '874 Patent, including at least claim 1, and knowing that such functionality is not a staple article or commodity of commerce suitable for substantial non-infringing use.

31.     Bell's acts of infringing the '874 Patent have been willful and undertaken in knowing and deliberate disregard of DJI's patent rights.

32.     DJI has been damaged as a result of Defendants' infringing conduct. Defendants are therefore liable to DJI for damages in an amount that adequately compensates for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III:  INFRINGEMENT OF U.S. PATENT NO. 10,692,387

33.     The facts and allegations of Paragraphs 1-32 are incorporated by reference for this Third Cause of Action as though fully set forth herein.

34.     In violation of 35 U.S.C. § 271, Defendants have directly infringed and continue to directly infringe the '387 Patent by making, using, offering for sale, selling, and/or importing the commercial versions of at least the Bell 505, Bell 407, Bell 429, Bell 412, and Bell 525 Helicopters with the Garmin Pilot app including the "Freehand" feature (the "'387 Accused Products") in the United States without the authority of DJI.

35.     The '387 Accused Products infringe at least claim 1 of the '387 Patent by practicing all elements of claim 1, as set forth in the accompanying claim chart attached as

Exhibit G, which is incorporated as if fully stated herein.  On information and belief, all the '387 Accused Products infringe in a similar manner.

36.    Accordingly, Defendants directly infringe at least claim 1 of the '387 Patent.  DJI expressly reserves the right to assert additional claims in this litigation against the same or additional products of Defendants.

37.    Bell has had actual and/or constructive knowledge of the existence of the '387 Patent since at least when it received a letter from DJI's counsel regarding the same on July 13, 2023, and, upon information and belief, since an even earlier initial date as yet unknown that predates the letter.  With knowledge of the '387 Patent, Bell has indirectly infringed one or more claims thereof under 35 U.S.C. § 271(b) through the active inducement of direct infringement by intending to encourage, and in fact encouraging, users of the '387 Accused Products, and potential others as yet unknown, to use the '387 Accused Products in an infringing manner within the United States.  Bell has actively induced such direct infringement with the '387 Accused Products by providing functionality, instructions, and other assistance that have served to facilitate, promote, and cause their users to use the '387 Accused Products in an infringing manner.  As one example, Bell has touted the benefits of the Garmin Pilot app's "full-featured enroute navigation" with Bell aircraft.   Bell has performed the acts that constitute inducement of infringement with the knowledge or willful blindness that the resulting acts induced thereby would constitute direct infringement by the users of the '387 Accused Products and/or potentially by others as yet unknown.

38.    Upon information and belief, with knowledge of the '387 Patent, Bell has also indirectly infringed one or more claims thereof under 35 U.S.C. § 271(c) by making, selling, offering for sale, using, making available for use, and/or importing within or into the United States the '387 Accused Products that enable infringement by their users, and/or potentially by others as yet unknown, knowing that such functionality is especially made or especially adapted for use in direct infringements of the '387 Patent, including at least claim 1, and knowing that

such functionality is not a staple article or commodity of commerce suitable for substantial non-infringing use.

39.    Bell's acts of infringing the '387 Patent have been willful and undertaken in knowing and deliberate disregard of DJI's patent rights.

40.    DJI has been damaged as a result of Defendants' infringing conduct. Defendants are therefore liable to DJI for damages in an amount that adequately compensates for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV:  INFRINGEMENT OF U.S. PATENT NO. 10,904,755

41.    The facts and allegations of Paragraphs 1-40 are incorporated by reference for this Fourth Cause of Action as though fully set forth herein.

42.    In violation of 35 U.S.C. § 271, Defendants have directly infringed and continue to directly infringe the '755 Patent by making, using, offering for sale, selling, and/or importing the commercial versions of at least the Bell 505, Bell 407GXi, Bell 429, and Bell 525 Helicopters with the Garmin Flight Stream 510 (the "'755 Accused Products") in the United States without the authority of DJI.

43.    The '755 Accused Products infringe at least claim 1 of the '755 Patent by practicing all elements of claim 1, as set forth in the accompanying claim chart attached as Exhibit H, which is incorporated as if fully stated herein.  On information and belief, all the '755 Accused Products infringe in a similar manner.

44.    Accordingly, Defendants directly infringe at least claim 1 of the '755 Patent.  DJI expressly reserves the right to assert additional claims in this litigation against the same or additional products of Defendants.

45.    Bell has had actual and/or constructive knowledge of the existence of the '387 Patent since at least when it received a letter from DJI's counsel regarding the same on July 13, 2023, and, upon information and belief, since an even earlier initial date as yet unknown that predates the letter.  With knowledge of the '755 Patent, Bell has indirectly infringed one or more

9

claims thereof under 35 U.S.C. § 271(b) through the active inducement of direct infringement by intending to encourage, and in fact encouraging, users of the '755 Accused Products, and potential others as yet unknown, to use the '755 Accused Products in an infringing manner within the United States. Bell has actively induced such direct infringement with the '755 Accused Products by providing functionality, instructions, and other assistance that have served to facilitate, promote, and cause their users to use the '755 Accused Products in an infringing manner. As one example, Bell has touted the benefits of using the Garmin Pilot app with its helicopters. Bell has performed the acts that constitute inducement of infringement with the knowledge or willful blindness that the resulting acts induced thereby would constitute direct infringement by the users of the '755 Accused Products and/or potentially by others as yet unknown.

46.     Upon information and belief, with knowledge of the '755 Patent, Bell has also indirectly infringed one or more claims thereof under 35 U.S.C. § 271(c) by making, selling, offering for sale, using, making available for use, and/or importing within or into the United States the '755 Accused Products that enable infringement by their users, and/or potentially by others as yet unknown, knowing that such functionality is especially made or especially adapted for use in direct infringements of the '755 Patent, including at least claim 1, and knowing that such functionality is not a staple article or commodity of commerce suitable for substantial non-infringing use.

47.     Bell's acts of infringing the '755 Patent have been willful and undertaken in knowing and deliberate disregard of DJI's patent rights.

48.     DJI has been damaged as a result of Defendants' infringing conduct. Defendants are therefore liable to DJI for damages in an amount that adequately compensates for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## DEMAND FOR TRIAL BY JURY

Plaintiff DJI demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DJI requests the following relief:

(a)      judgment that the Defendants infringe the '693 Patent;

(b)      judgment that the Defendants infringe the '874 Patent;

(c)      judgment that the Defendants infringe the '387 Patent;

(d)      judgment that the Defendants infringe the '755 Patent;

(e)      award Plaintiff DJI damages in an amount sufficient to compensate it for Defendants' infringement of one or more claims of the '693, '874,'387, and/or '755 Patents, together with pre-judgment and post-judgment interest and costs, and all other damages permitted under 35 U.S.C. § 284;

(f)      award Plaintiff DJI treble or otherwise enhanced damages pursuant to 35 U.S.C. § 284 for the acts of willful infringement committed by Bell;

(g)      an accounting for infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

(h)      declare this case to be exceptional under 35 U.S.C. § 285 and award Plaintiff DJI its attorneys' fees, expenses, and costs incurred in this action; and

(i)      such other and further relief as the Court finds just and proper.

Dated: July 14, 2023                    Respectfully submitted,

                                        */s/ John M. Erbach*
                                        John M. Erbach (VSB No. 76695)
                                        jerbach@spottsfain.com
                                        Chris Bascom (VSB No. 87302)
                                        cbascom@spottsfain.com
                                        SPOTTS FAIN, P.C.
                                        411 East Franklin Street, Suite 600
                                        Richmond, Virginia 23219
                                        Tel: (804) 697-2000
                                        Fax: (804) 697-2100

                                        Jordan R. Jaffe (*pro hac vice* forthcoming)
                                        jjaffe@wsgr.com
                                        Catherine R. Lacey (*pro hac vice* forthcoming)
                                        clacey@wsgr.com
                                        SILSON SONSINI GOODRICH & ROSATI, P.C.
                                        One Market Plaza
                                        Spear Tower, Suite 3300
                                        San Francisco, CA 94105
                                        Tel: (415) 947-2000
                                        Fax: (415) 947-2009

                                        Eric P. Tuttle (*pro hac vice* forthcoming)
                                        eric.tuttle@wsgr.com
                                        WILSON SONSINI GOODRICH & ROSATI, P.C.
                                        701 5th Ave, Suite 5100
                                        Seattle, WA 98104-7036
                                        Tel: (206) 883-2513
                                        Fax: (206) 883-2699

                                        Ariel C. Green Anaba (*pro hac vice* forthcoming)
                                        aanaba@wsgr.com
                                        WILSON SONSINI GOODRICH & ROSATI, P.C.
                                        633 West Fifth Street, Suite 1550
                                        Los Angeles, CA 90071
                                        Tel: (323) 210-2900
                                        Fax: (866) 947-7329